JOHN C. KEBABIAN *vs.* BRADFORD SHINKLE.

WASHINGTON—DECEMBER 10, 1904.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Mortgages. Equity. Right to Redeem.*

A tenant for years of mortgaged property, whose title is subsequent to the mortgage, is entitled to protect his possession by redeeming the whole mortgaged premises, and may maintain a bill in equity where his interest has been improperly extinguished by acts of the mortgagee.

(2) *Equity. Mortgages. Right to Redeem.*

A bill in equity by a tenant of mortgaged premises to annul a mortgagee's sale, alleging fraud by means of which the tenant was prevented from protecting his interests, can afford the tenant no other relief than the right to redeem the mortgage; and hence where the bill contains no offer by the tenant to redeem, the bill is demurrable.

(3) *Mortgages. Sales. Bills and Notes. Demand Note.*

Where a note secured by a mortgage is payable on demand, the mortgagee has the right to foreclose at any time, without making demand for payment.

(4) *Mortgages.   Sales.   Description of Property in Advertisement.   Land-*
*lord and Tenant.*

Where a tenant for years of mortgaged property, whose title is subsequent to·
the mortgage, erects buildings upon the premises without securing the exe-
cution of the lease by the mortgagee as well as the mortgagor, he has no·
claim against any one but his lessor and the mortgagee, in framing his adver-
tisement, is not required to describe the premises otherwise than as de-
scribed in the mortgage deed.

BILL IN EQUITY seeking to annul a mortgagee's sale.   Heard
on demurrer to bill, and demurrer sustained.

DOUGLAS, J.   This is a bill brought to annul a mortgagee's
sale of two lots of land at Watch Hill, in the town of Westerly.

The bill is uncertain in form in several of its statements, but·
we think it may fairly be understood that the pleader intends
to aver the facts which he says he "believes" or "is informed
of;" at any rate, slight verbal amendments will remedy these·
defective statements.

(1)    The averments of the bill are, in substance, that the com-
plainant holds a lease of a portion of one of these lots, running
for ten years from September 1, 1896, with the privilege of a.
ten years' renewal, and that he has erected upon this land a.
building costing $7,875; that the remainder of this lot is worth
$40,000, and the other lot is worth $30,000; that the mortgage
held by the respondent was made December 14, 1881, to secure
a demand note for $15,000, on which was due at the time of
the sale about $16,000; that the respondent became the owner
of the note and mortgage September 15, 1902, and advertised
a sale of the premises under the power in the mortgage to take·
place November 18, 1903; that he continued this sale to De-
cember 2, then to December 9, then to December 16, then to·
December 23, then to January 6, 1904, then to January 13,
then to January 27, when the premises were sold to his agent
for $700, who immediately conveyed to him subject to prior
incumbrances for $35,540.08; that the advertisement of the
sale described the premises as in the mortgage deed, and made
no mention of the new buildings which had been erected
thereon; that the respondent pursuaded and induced two·
persons, who are named, and others to the complainant un-

known, not to attend and not to bid at said sale; that complainant believes the repeated continuances of the sale were for the purpose of discouraging and deterring possible bidders and to enable the respondent's agent to bid in said premises at a low price; that the complainant came to Westerly to attend the sale November 18, 1903, and December 2d, 1903, but did not again attend; that the only bidding at the sale was by two agents of the respondent, who bid first $500, then $600, and finally $700; that if the complainant had been present he would have bid more than the sum for which the land was sold; that no demand was made for payment of the note or the interest before the sale; that the respondent is proceeding to eject the complainant from the building which the complainant occupies; and his prayer is that the respondent may be enjoined from proceeding further to eject the complainant from the building and land; that the mortgage sale may be declared void, and that the respondent be restrained from selling the land leased to the complainant until he has first exhausted the other portions of the land mortgaged.

The demurrer, which is to the whole bill, sets out several causes, some of which are only applicable to particular allegations. Those which affect the right of the complainant to relief are: That the bill shows no damage to the complainant; that the bill does not contain any offer to redeem; that a demand before execution of the power of sale was unnecessary and that the allegations of fraud are insufficient.

The first ground of demurrer is not tenable. The complainant being a tenant for years, whose title is subsequent to the mortgage, is entitled to protect his possession by redeeming the whole mortgaged premises. Jones Mort. § 1066. As the note is payable on demand (7 Cyc. 847, n; *Stover* v. *Hamilton*, 21 Gratt. 273) the maker may pay it at any time, and the mortgage is redeemable at any time before strict foreclosure. Jones Mort. 1052. If the sale is allowed to stand, it has cut him off from this privilege.

(2)    As to the second cause of demurrer the complainant cites *Briggs* v. *Hall*, 16 R. I. 577, where this court held that a mortgagor might maintain a bill to annul a fraudulent or unfair

sale of the mortgaged premises without offering to redeem. The decision of that case is based mainly upon *Meyer* v. *Jefferson Ins. Company*, 5 Mo. App. 245, which was a bill by the assignee in bankruptcy of the mortgagor, who the court said stood in the place of the mortgagor himself. We think a tenant for years stands upon a different footing. A sale under the power concludes the title of both the mortgagor and the tenant, but the mortgagor is deprived thereby of rights which the tenant does not possess. Before the sale the mortgagee had the right at his will to take possession of the mortgaged premises and eject the mortgagor and those claiming under him. Jones Mort. § 667. In such case, however, he must account to the mortgagor for the rents and profits of the land as against the interest on the debt. He would be under no such obligation to account to the lessee. Again, if the mortgagee sells under his power, the sum obtained for the property must be credited to the mortgagor on account of the debt, or, if there is a surplus, it must be paid to him. The lessee has no such claims. It makes no difference to him whether the mortgagee dispossess him by his right as mortgagee or as purchaser at a mortgage sale, or whether at the sale the land brings much or little. So far as we can see, if the sale be set aside for the causes alleged in this bill, the petitioner will gain no right except to redeem the mortgage. Unless the petitioner, therefore, desires to redeem the mortgage, it would be wasting the time of the court to examine into the validity of the sale. As he does not offer to redeem, the demurrer must be sustained for this cause.

(3)     The objection to the sale, that it was premature because no demand of payment was made, can not be determined upon the allegations in the bill, because the terms of the power of sale in the mortgage are not set out. If the note secured was simply payable on demand, the respondent had the right to foreclose at any time—Jones Mort. § 1174; But the special words of the power of sale might alter this right. *Fenley* v. *Cassidy*, 43 Atl. Rep. 296. It does not appear from the complainant's statements that demand was necessary.

The allegations that unnecessary continuances were made

with the purpose of misleading intending bidders, that the respondent employed agents to bid against each other, that he pursuaded intending bidders not to attend the sale and not to bid, coupled with the fact that the property was sold for much less than its value, we think are sufficient to enable the complainant to introduce such proof as would warrant the court, upon a proper application, to set aside the sale as unfair. Such acts are (as we said in *Fenley* v. *Cassidy, supra*) violations of that extreme good faith which is required by the trust relation of mortgagee to mortgagor under a power of sale.

(4)     The objection, however, to the description of the property is groundless. If the complainant saw fit to erect a building upon the mortgaged premises without first securing the execution of the lease by the mortgagee, as well as the mortgagor, he has no claim against any one except his lessor and her representatives under the covenants of his lease, and the mortgagee in framing his advertisement was right in following the description in the mortgage deed.

The respondent's demurrer is sustained for the causes stated, and the bill must be dismissed unless the complainant desires to amend by offering to redeem.

*John W. Sweeney*, for complainant.
*Albert B. Crafts*, for respondent.