CRAWFORD *v.* McDONALD.

Opinion delivered November 25, 1907.

1. ADMINISTRATION—RECOUPMENT AGAINST CLAIM OF ADMINISTRATOR—LIMITATION.—In a suit by a vendor's administrator to foreclose a vendor's lien upon land, defendant set up a cross-complaint, alleg-

ing a breach of the covenant in the vendor's deed in that the vendor three years before executing the deed had executed to another a ten years' lease of the land. Plaintiff moved to dismiss the cross-complaint upon the ground that the claim was barred by the two years' statute of nonclaim. *Held*, that, while the defendant's counter-claim will not be allowed as a claim against the plaintiff's intestate, defendant will be allowed to recoup damages not exceeding plaintiff's claim. (Page 420.)

2. EVIDENCE—COPY OF RECORDED INSTRUMENT.—A certified copy of a recorded instrument may be introduced in evidence by a party who had not the original in his possession and did not know where it was. (Page 420.)

3. COVENANT AGAINST INCUMBRANCE—PRIOR LEASE.—The statutory covenant against incumbrances, implied by the use of the words "grant, bargain and sell" in a deed, was broken at the time the deed was executed where the grantor had previously executed a written lease of the land which had not expired. (Page 420.)

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*John H. Crawford,* for appellant.

1. Appellee's defense is based upon a breach of warranty in the deed,—an independent claim, sounding in damages. It could only be sustained by presenting it, properly verified, to the administrator before commencement of suit. Kirby's Digest, § § 110, 113, 114, 119 and note; 66 Ark. 327; 48 Ark. 304.

2. It was error to admit as evidence certified copies of a lease contract from Stewart to the Long View Lumber Company, and of two deeds of trust from Stewart to Clark, without sufficient proof of the loss or inaccessibility of the originals. Kirby's Digest, § 757; 1 Greenleaf, Ev. § § 84, 558.

3. In order to charge a covenantor upon a covenant of warranty, there must be both allegation and proof of eviction. 1 Ark. 313; 40 Ark. 420. And without eviction there is no breach of covenant. 4 Ark. 462; 5 Ark. 395; 8 Ark. 368; 13 Ark. 522; 14 Ark. 309; 33 Ark. 593; 59 Ark. 629; 74 Ark. 351; 65 Ark. 498; 47 Ark. 293; 22 Am. Dec. 777. The mere existence of an outstanding paramount title to land will not authorize a recovery in an action for a breach of a covenant of warranty. 11 Cyc. 1126.

4. Where the breach of covenant goes only to a part of the land conveyed, there can be a recovery only for such proportion

of the consideration as the value of the part, the title or right of possession of which fails, bears to the value of the entire tract. 17 Am. Dec. 589; *22 Id.* 782; 52 Wis. 684; 57 Wis. 1; 55 N. W. 765; 12 Kan. 85; 31 Wash. 618.

*McMillan & McMillan,* for appellee.

1. Where a deed contains the words "grant, bargain and sell," not limited by any express words in the deed, it must be construed as an express covenant against incumbrances done or suffered from the grantor, and also for the quiet enjoyment thereof against the grantor and all others. Kirby's Digest, § 731; 31 Ark. 326; 8 Ark. 371. And the grantee may assign breaches as if such covenants were expressly inserted. Kirby's Digest, § 732. In this case the covenant against incumbrances was broken as soon as made. 27 Am. St. Rep. 428; 10 *Id.* 432; 74 Ark. 350; 65 Ark. 103.

2. Proper foundation was laid for instruction of certified copy of the lease by showing that the original was not in appellee's possession, that it was not in his power to produce it, and that he did not know where it was. Kirby's Digest, § 756; 47 Ark. 42; 25 Am. Dec. (Mass.) 346.

3. There was no necessity either for allegation or proof of eviction. It is clearly shown that the Longview Lumber Company was in possession at the time the deed was delivered to appellee. The covenant of seizure is broken as soon as made where the grantor has not the possession, the right of possession and complete legal title. 74 Ark. 350; 104 S. W. 265.

4. For measure of damages in breaches of warranty, see 59 Ark. 635. In case of partial breach the vendee is entitled to set off against the purchase money due the value of the parcel of land from which he was evicted. 13 Ark. 522.

BATTLE, J. On the 24th of January, 1902, T. J. Stewart and his wife, Helen A. Stewart, for one hundred and sixty dollars (seventy-five dollars of which were paid, and for the remainder two notes for $42.50 each were executed by the purchaser to T. J. Stewart) sold and conveyed to James H. McDonald a certain tract of land, and retained a lien thereon for the unpaid purchase money. One of the notes was due on the 15th day of November, 1902, and the other on the 15th day of Novem-

ber, 1903. Both were executed on the 23d day of January, 1902, and bore "ten per cent. interest till paid." T. J. Stewart having died, J. H. Crawford, as his administrator, brought suit against James H. McDonald to foreclose the lien on the land for the unpaid purchase money.

Defendant answered and admitted the allegations of the complaint, but alleged that T. J. Stewart sold and conveyed the land to him on the 24th day of January, 1902; that he and his wife, both deceased, by the deed "covenanted with the defendant that they would forever warrant and defend the title to the land against all lawful claims whatever; that the lands were free from all liens and incumbrances of every kind and nature whatever; for the quiet enjoyment thereof against the grantors, their heirs and assigns, and from the claims or demands of all other persons." That the land at the time of making and delivery of the deed was not free from all incumbrances. That Thomas J. Stewart, December 16, 1899, executed a lease upon same to the Longview Lumber Company for 10 years, which covered stables, lots, well of water, and other improvements. That the Lumber Company transferred the lease to J. G. Clark, who was in possession of the land at the time of the conveyance to appellee, who still holds same, and refused to quit and deliver possession to appellee. That Clark has cut all the merchantable timber from the land. That the reasonable rent value of the part of premises so held by Clark is $5 per month from January 24, 1902, a period of 46 months, to appellee's damage $230.

He asks for judgment against the plaintiff for $550 for damages on account of the incumbrance and for other relief. On December 10, 1906, appellant filed his motion to dismiss the cross-complaint, as follows: That same was based upon an alleged covenant of warranty contained in a deed to appellee made by appellant's intestate. That, in order to maintain such a demand against said estate, it was necessary for the defendant within two years after the grant of letters of administration to present to him for allowance a statement of his demand, with his affidavit appended thereto, to the effect that nothing has been paid or delivered towards the satisfaction of the demand except what is credited thereon, and that the sum demanded, naming it, is justly due. That no such verified demand was ever

made or presented to appellant, as such administrator. That more than two years have passed since letters of administration were granted to plaintiff herein.

On hearing of the motion to dismiss, it was admitted that, prior to the filing of appellee's cross action, December 11, 1905, the appellee had not attached to his claim the authenticating affidavit required by the statute; that he made no affidavit, except the one attached to his answer and cross-complaint; that more than two years had passed since letters of administration were granted to plaintiff.

The deed executed by Stewart and wife to the defendant, which was admitted as evidence, contained this granting clause: "I hereby grant, bargain, sell and convey," and the following covenant: "And we hereby covenant with the said James H. McDonald and his heirs or assigns that we will forever warrant and defend the title to the said lands against all lawful claims whatever." The statutory meaning of the words. "grant, bargain and sell" is not limited by any express words in the deed.

The evidence adduced at the hearing showed that T. J. Stewart on the 16th day of December, 1899, executed to Longview Lumber Company a lease of the land in controversy for ten years, which included stables, lots, wells of water, and other improvements. This lease was filed for record and recorded. Defendant testified that the original lease was not in his possession, and he did not know where it was, and it was not in his power to produce it as evidence, and offered a certified copy of the lease as evidence. The court, over the objection of the plaintiff, admitted it. The lease was transferred to J. G. Clark. He took possession of the land and a portion of the improvements, and held the same for at least thirty months. The rental value thereof for such time exceeded the amount due on defendant's notes.

It is not necessary to mention other incumbrances adduced as evidence. "The court overruled appellant's motion to dismiss, and he excepted. On the merits it found that the covenant of warranty in the deed from Stewart to McDonald had been broken, and that appellee had been damaged in a greater amount than the notes sued upon, and that appellant on that account should recover nothing in this action, and adjudged the cost

against appellant. To this decree appellant excepted and appealed."

The decree of the court as a whole is correct. It would not allow the claim of the appellee for damages as a claim against the estate or as a basis for judgment against the appellant, but as a recoupment to the extent of the claims of appellant, as a bar to the recovery of appellant against appellee. Both claims grow out of the same transaction, and it is equitable that one should be setoff against the other. He who seeks equity should do equity. The motion to dismiss was properly overruled.

The copy of the lease was admissible. Defendant testified that he did not know where the original was, and it was not within his power to produce it. The statute in such cases provides: "If it shall appear at any time that any deed or instrument, duly acknowledged or proved and recorded as prescribed by this chapter, is lost or not *within the power or control of the party wishing to use the same,* the record thereof, or a transcript of such record certified by the recorder, may be read in evidence without further proof of execution." Kirby's Digest, § 757. In this case the lease was not executed or transferred to the defendant, and was not in his possession or control, and he did not know where it was. The certified copy was properly admitted. *Scanlan* v. *Wright,* 25 Am. Dec. 346; *Eaton* v. *Campbell,* 7 Pick. 10.

The words "grant, bargain and sell," contained in the deed, not being limited by express words, were a covenant of Stewart with McDonald, his heirs and assigns, that the land was free from incumbrances done or suffered by him. Kirby's Digest, § 731. A lease is an incumbrance, within the meaning of that term as defined in *Seldon* v. *Dudley E. Jones Company,* 74 Ark. 348, 351, and the covenant was broken when the deed to McDonald was executed. See 8 Am. & Eng. Enc. of Law (2 Ed.), 129, and note 4, and cases cited. The damages occasioned by the breach of this covenant were at least equal to the amount sued for by the appellant.

As the whole of the land conveyed was covered by the lease, the rule requiring an apportionment of damages between parts of the land affected by the covenant and the remainder

of it does not apply in this case. The covenant was broken as to the entire tract of land in controversy.

Decree affirmed.