LEWELLYN J. STORRS *vs.* BENNARDO PANNONE ET ALS.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 22d—decided June 9th, 1931.

*Ellsworth B. Foote,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellant (defendant Goldberg).

*Louis Rubin,* for the appellants (defendants Voloshin and The Jem Electric Company).

*William L. Beers,* with whom was *George E. Beers,* for the appellee (defendant Standard Oil Company of New York).

AVERY, J.   This is a suit brought to foreclose a first mortgage on real estate in West Haven.   The trial court found the property subject to incumbrances subsequent to the plaintiff's mortgage as follows:

A. Five mortgages of which the dates of record extend from January 10th, 1928, to September 1st, 1929.

B. Eight mechanics' liens under which work was

commenced between September 3d, 1929, and November 25th, 1929.

C. A lease to the defendant Standard Oil Company of New York, dated December 13th, 1929, and recorded December 30th, 1929, covering approximately one half of the property.

D. Twelve mechanics' liens under which work was commenced between January 3d and March 8th, 1930.

E. Various attachments subject to all of the above.

The only question raised at the trial of importance in this appeal was the priority of the various defendants, and their order of redemption under a judgment of strict foreclosure. The court ruled that the defendant Standard Oil Company of New York, by virtue of its lease duly recorded, had priority over all except the mortgages (A, *supra*) and the first class of mechanics' liens (B, *supra*); and held that such priority could only be given by dividing the mechanics' liens into classes, placing ahead of Standard Oil Company of New York those mechanics in one class who commenced work prior to December 30th, 1929, the date the lease was recorded, and placing subsequent to it in another class those who commenced work subsequent to that date. The appellants, who are mechanics lienors in the second class, claim all the mechanics' liens should have been given equal priority over the lease.

Public Acts of 1925, Chap. 130 (now General Statutes, § 5105) so far as pertinent to the questions involved in this appeal, provides as follows: "If any such liens shall exist in favor of two or more persons for materials furnished or services rendered in connection with the same construction, raising, removal or repairs of any building or any of its appurtenances, no one of such persons shall have any priority over another except as hereinafter provided. If any instrument constituting a valid incumbrance upon such land other

than a mechanic's lien shall be filed for record while such building is being constructed, raised, removed or repaired, all such mechanic's liens originating prior to the filing of such incumbrance for record shall take precedence over such incumbrance and no such lien shall have priority over any other such lien, but such incumbrance and all such liens shall take precedence over any mechanic's lien which shall originate for materials furnished or services rendered after the filing of such instrument for record, but no one of such liens originating after the filing of such instrument for record shall have precedence over another."

The matter to be determined on this appeal is whether or not the lease to Standard Oil Company of New York is a "valid incumbrance" within the meaning of the statute, and takes precedence over mechanics' liens for services commenced subsequent to the date when the lease was recorded. The lease in question was for a period of five years, containing a privilege to the lessee of renewal for a like period, with an option to purchase at any time during the term or any renewal thereof "free and clear of all liens and incumbrances." It contained, in addition, the following provision: "As a part of the consideration of this lease the said lessor does hereby covenant and agree that the balance of the property now owned by him and adjoining the herein demised premises on the north and east shall not be used for the sale, storage or distribution of motor fuel, petroleum products or the by-products thereof during the term of this lease or any renewal thereof, and in the event the whole or any portion of said premises is leased or sold, the instrument so leasing or conveying said premises shall contain a restriction to this effect, it being understood, however, that in the event the said lessee shall exercise its option to purchase the herein demised premises as herein pro-

vided, the balance of the property adjoining the herein demised premises on the north and east shall be permanently restricted against the use of same for the sale, storage or distribution of motor fuel, petroleum products or the by-products thereof." Then follows a description of the adjoining property subject to the restriction.

In *Musial* v. *Kudlik,* 87 Conn. 164, 167, 87 Atl. 551, we held that an unexpired lease upon property is a breach of a covenant against incumbrances; and such is the recognized rule. *Brodie* v. *New England Mortgage Security Co.,* 166 Ala. 170, 51 So. 861, 862; *Crawford* v. *McDonald,* 84 Ark. 415, 106 S.W. 206, 208; *Mann* v. *Montgomery,* 6 Cal. App. 646, 92 Pac. 875, 876; *Wragg & Son* v. *Mead,* 120 Iowa, 319, 94 N.W. 856; *Smith* v. *Davis,* 44 Kan. 362, 24 Pac. 428, 430; *Clark* v. *Fisher,* 54 Kan. 403, 38 Pac. 493, 495; *Edwards* v. *Clark,* 83 Mich. 246, 47 N.W. 112, 113; *Simons* v. *Diamond Match Co.,* 159 Mich. 241, 123 N.W. 1132, 1134; *Fritz* v. *Pusey,* 31 Minn. 368, 18 N.W. 94, 95; *La Rue* v. *Parmele,* 73 Neb. 663, 103 N.W. 304; *Demars* v. *Koehler,* 62 N. J. L. 203, 41 Atl. 720, 721; *Brown* v. *Taylor,* 115 Tenn. 1, 88 S.W. 933, 934, 4 L. R. A. (N.S.) 309, 313; *O'Connor* v. *Enos,* 56 Wash. 448, 105 Pac. 1039, 1041; *Batchelder* v. *Sturgis,* 57 Mass. (3 Cush.) 201, 205. Even though the lease does not cover the whole property, the lessee has a right to redeem. *Loud* v. *Lane,* 49 Mass. (8 Metc.) 517, 519; *Kebabian* v. *Shinkle,* 26 R. I. 505, 59 Atl. 743; *Wunderle* v. *Ellis,* 212 Pa. St. 618, 62 Atl. 106. A valid restriction upon the use of real estate is an incumbrance. *Ayling* v. *Kramer,* 133 Mass. 12, 13; *Gallison* v. *Downing,* 244 Mass. 33, 36, 138 N.E. 315. In *Mitchell* v. *Warner,* 5 Conn. 497, 508, Hosmer, C. J., said: "Incumbrances, in their nature, are numerous. A mortgage, a way, a right to dig turf, to pasture cattle, or to have

dower assigned, and in short, an easement of any kind, is an incumbrance, because it is a load or weight on the land, and must lessen its value."

The defendant Standard Oil Company of New York, by virtue of its lease duly recorded, is the owner of an estate for years in the part of the property demised, with the right at any time during the term to purchase the same; and, further, holds upon the remainder of the land an enforceable restriction, which continues during the term, and, should the option to purchase be exercised, becomes then permanent. We think the lease constitutes a "valid incumbrance" within the meaning of General Statutes, § 5105, above quoted.

The case of *Lockwood* v. *Middlesex Mutual Assurance Co.*, 47 Conn. 553, 559, relied upon by the appellants is not in point. The charter of the company in that case, among other things, provided that no insurance should be valid unless the true title of the insured and the incumbrances, if any, be fully described in the proposals for insurance and specified in the policy. The proposals described the property as "to be used and occupied for the usual purposes of such a building by a tenant" and as "occupied as a boarding-house." The policy, as issued, contained the following: "Occupancy-tenant." We held the proposals and policy clearly contemplated that the premises were then occupied and to be occupied in the future by tenants; that a tenancy implied a lease; that the company had notice a lease existed; and had it deemed it important to ascertain its particulars more in detail, more specific information could have been called for; and not having done so, but having issued the policy, the insurance company was not in a position to complain.

There is no error.

In this opinion the other judges concurred.