HILL, ADMINISTRATOR, *v.* BARNES.

4-7603                                   186 S. W. 2d 675

Opinion delivered April 9, 1945.

*Mark E. Woolsey,* for appellant.

*J. E. Yates* and *Carter & Taylor,* for appellee.

McHANEY, J.   Appellant is the administrator of the estate of Will Hill who died intestate in Franklin county, June 20, 1941. He brought this action against appellee to recover a judgment against her for the balance due said estate on open account in the sum of $423.20. For answer appellee filed a general denial, and a cross-complaint in which she alleged that, prior to Will Hill's death, he being her kinsman, she delivered to him a sum of money, with a portion of which he bought for her two U. S. Bonds of $500 each, which were left with him for safe keeping; that later, because of illness, she told Hill she would have to cash one of said bonds, and that he sold same and did not account to her for it, he having died before she ever received the money; and that she has made demand on the administrator for the proceeds of the bond sold and for the return of the bond not sold, which he has failed to do. She prayed judgment for $1,000. Appellant demurred to the counter claim of appellee, which was overruled, and he replied with a general denial, and alleged that she had never filed or exhibited a claim against said estate, and pled the statute of nonclaims, limitations and *res adjudicata.* Appellant also filed a motion before trial for non-suit of appellee's counter-claim or cross-complaint on the ground not properly authenticated and

another before judgment because appellee failed to produce the affidavit required by statute to her claim against said estate. Both were overruled.

Trial resulted in a verdict and judgment for appellee, which permitted her to offset her claim against said estate to the extent of appellant's claim against her. This appeal followed.

At the outset appellant is met by a motion of appellee to dismiss the appeal because his motion for a new trial was not filed in apt time. The record shows that the trial was had September 18, 1944, and that on the same day the motion for a new trial was filed and overruled and an appeal prayed and granted. It is contended that the true facts are that counsel for both sides agreed in open court that the records reflect this fact and that the actual motion might be prepared and filed later, which was done. This court will not go outside the record to determine when the motion was filed, or whether overruled or not. *City of Monticello* v. *Kimbrough,* 206 Ark. 503, 176 S. W. 2d 152. The motion is denied. Three arguments are made for a reversal of the judgment; (1) that appellee should have been non-suited on her cross-complaint for failure to append an affidavit of justice to her demand, as required by § 101 of Pope's Digest; (2) that her claim was barred by the statute of non-claims, Pope's Digest, § 97; and (3) that she failed to establish her claim on cross-complaint by any competent evidence.

(1) and (2). We cannot agree with appellant as to either of these contentions. Section 1420 of Pope's Digest provides: "In suits by executors or administrators, debts existing against their testators or intestates, and owing to the defendant at the time of the death of the testator or intestate may be set off by the defendant in the same manner as if the action had been brought by and in the name of the deceased."

Appellee is not seeking to establish a claim against said estate, except by way of a set-off or recoupment and this may be done under said § 1420, whether barred by the non-claim statute or the general statute of limitations. *Crawford* v. *McDonald,* 84 Ark. 415, 106 S. W. 206.

(3). We think appellant is correct in the contention that appellee failed to establish by any competent evidence that the intestate held any bonds of hers and that he failed to account to her therefor. Appellee was not called to testify by appellant and under § 5154 of Pope's Digest she was not a competent witness. This section says that in actions by or against administrators, in which judgment may be rendered for or against them, "neither party shall be allowed to testify against the other as to any transactions with or statements of the testator intestate" etc., unless called to testify by the other party. All of appellee's testimony regarding her transactions with Will Hill regarding her bonds was incompetent. The only other proof offered was hearsay and excluded by the court properly. It was error to permit her to testify contrary to said statute.

The judgment is reversed and the cause is remanded for a new trial, as appellee might be able to prove her off-set by competent testimony.