[2337.   Decided December 14, 1896.]

L. H. ANDERSON, *Respondent,* v. D. R. BIGELOW *et ux.,*
*Appellants.*

DISMISSAL OF APPEAL — DEFECTIVE BOND — DEDICATION — AUTHORITY
OF ATTORNEY IN FACT — JUDGMENT — EVIDENCE.

An appeal will not be dismissed on account of failure to comply
with the exact terms of the statutory requirements in the appeal
bond, where its conditions are such as to protect every right of the
respondent.   (ANDERS and GORDON, JJ., dissent.)

A general power of attorney by a wife to her husband to sell land
will not authorize him to make a dedication for street purposes, and
accordingly declarations and acts of his tending to show dedication
by estoppel are not binding on the wife.

The fact that a judgment in an action had determined that cer-
tain land had been dedicated by a grantor, would not make the
judgment evidence in an action by a grantee against the grantor,
when the grantor was not a party to the prior action and had not
been legally notified to protect the title conveyed by his deed; and
his knowledge of the prior action and presence there as a witness
would not render him responsible for the result in such action.

Appeal from Superior Court, Thurston County.—
Hon. T. M. REED, JR., Judge.   Reversed.

*Milo A. Root,* and *Troy & Falknor,* for appellants.
*Phil. Skillman,* and *J. R. Mitchell,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The respondent attacks the sufficiency
of the appeal bond.   The conditions therein do not
exactly conform to the provisions of the statute, but
there is not such a variance from the statutory re-
quirements that it could not be enforced as a statutory
bond.   This being so, and the conditions being such
as to protect every right of the respondent, the bond
is not so defective as to require us to dismiss the ap-

peal.    See *McEachern v. Brackett*, 8 Wash. 652 (36 Pac.
690, 40 Am. St. Rep. 922); *Warburton v. Ralph*, 9
Wash. 537 (38 Pac. 140); *Horton v. Donohoe-Kelly
Banking Co.*, 15 Wash. 399 (46 Pac. 409).

The action was brought to recover damages for the
alleged breach of a covenant of warranty contained in
a deed made by appellants to respondent.    The cove-
nant, which it was claimed had been broken, was for
quiet enjoyment, and the ground of the claim was
that, at the time the deed was delivered, the property
described therein had been dedicated to public use for
the purposes of a street.    Plaintiff sought to establish
the fact that the land had been so dedicated by evi-
dence tending to show acts on the part of the defend-
ants which estopped them from denying that it had
been so dedicated.    He also claimed that the fact that
the land had been so dedicated had been determined
in a certain action in which he was plaintiff and one
Banner was defendant, and that the defendants were
so connected with that action that they were bound
by the decision rendered therein.

Upon the first proposition, there was evidence in-
troduced tending to show that the defendant D. R.
Bigelow had made statements to those about to pur-
chase land in the vicinity that the land in question
had been set aside for street purposes; but there was
no evidence tending to show that the defendant A. E.
Bigelow, who was the wife of the other defendant, had
done or said anything.    But it was shown that, at the
time D. R. Bigelow made the declarations relied upon,
he held a power of attorney from his wife authorizing
him to sell her real estate, receive payment therefor,
and make conveyances thereof.

The superior court instructed the jury that the wife
was bound by the declarations of her husband by rea-

son of having given him this power of attorney. There was nothing in such power of attorney which gave defendant D. R. Bigelow authority to do more than sell the land. There was nothing said therein about platting it, nor about dedicating any portion thereof to the use of the public. And while it is true that the setting aside of one portion for street purposes might have added value to other portions, so might the conveyance of one portion to an individual for a certain purpose have added value to other portions for other purposes. But the fact that one tract had been sold for a certain purpose would not authorize the attorney to convey another portion without receiving value therefor. The general power to sell did not authorize the person acting thereunder to make a dedication for street purposes. See *Dupont v. Wertheman*, 10 Cal. 354; *Mott v. Smith*, 16 Cal. 534; *Randall v. Duff*, 79 Cal. 115 (19 Pac. 532).

The court held that the allegations of the complaint as to the judgment in the other action and as to its effect had not been denied in the answer, and that unless defendants had shown that it was collusive and fraudulent they were bound thereby. It is not necessary for us to determine as to the sufficiency of the denial, for the reason that we are of the opinion that the allegations in the complaint, if admitted to be true, were not sufficient to show that the defendants were bound by the judgment. The only statement tending to connect the defendants, or either of them, with the action, was that during the pendency thereof they had full notice and knowledge of the several matters involved, and that the said defendant D. R. Bigelow attended upon the trial of said cause and was a witness therein in behalf of the plaintiff; and this was not sufficient to show such a demand upon them

to appear and prosecute the action as to make them responsible for the result. And whatever may be the force of a judgment against a defendant to the effect that the plaintiff had a title paramount to that conveyed by the deed under which such defendant held, where the grantor therein has not been regularly called upon to defend, no case can be found where, under such circumstances, a judgment against a plaintiff in favor of a defendant has been held to in any manner affect the rights of the grantor in the deed under which the plaintiff claimed. In fact, it may well be questioned whether a grantee who sees fit to voluntarily go into court is in a situation to have any rights established in an action thus voluntarily brought, which shall have any effect in an action brought by him against his grantor. And it is certain that a judgment rendered in such an action to which the grantor is not a party and in which he has not been legally notified to protect the title conveyed by his deed is not even *prima facie* evidence in an action brought by the grantee against the grantor.

The judgment must be reversed and the cause remanded for a new trial.

SCOTT, J., concurs.

ANDERS, J.—Section 6 of the act relating to appeals to the supreme court, Laws of 1893, p. 122, provides that:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in § 7 of this act, be filed with the clerk of the superior court, or money in the

sum of two hundred dollars be deposited with the clerk in lieu thereof."

And § 7 provides that the appeal bond —

"Shall be conditioned that the appellant will pay all costs and damages that may be awarded against him on the appeal, or on the dismissal thereof, not exceeding two hundred dollars. An appeal shall not stay proceedings on the judgment or order appealed from or on any part thereof, unless the original or a subsequent appeal bond be further conditioned that the appellant will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or make, or order to be rendered or made by the superior court, and (where such condition is applicable) shall pay all rents of or all damages to property accruing during the pendency of the appeal, out of the possession of which any respondent shall be kept by reason of the appeal."

The only bond filed in this case is conditioned as follows:

"Now, then, if said appellants shall satisfy and perform the judgment appealed from in case the same shall be affirmed, and any judgment or order which the supreme court may render or make or order to be rendered or made by the superior court, then this obligation to be null and void."

This is, according to the statute, a stay bond pure and simple. There is no appeal bond in the record, and it is not claimed that the sum of $200 has been deposited with the clerk of the superior court in lieu thereof. That an appeal bond is necessary to give this court jurisdiction of the appeal is clearly indicated in § 6 of the appeal act referred to above. And it seems to me that there is a wide difference between this case and the cases cited in the foregoing opinion. In those cases the bonds required by the statute had

been given, but the accompanying affidavits were defective in some particulars, and it was held that the appeals would not be dismissed for such defects, the objections to the affidavits not having been made in the court below. But here there is neither bond nor affidavit, and I think the appeal ought to be dismissed for want of jurisdiction.

I make no objection to the disposition made of the case upon the merits in the opinion of the chief justice. While it was not necessary for the plaintiff to give his grantor, Mr. Bigelow, notice of the action against Banner in order to maintain this action, yet, in the absence of such notice and a request to appear and prosecute the action, the judgment therein rendered was not binding upon the defendants herein. Notwithstanding that judgment, it was necessary for the plaintiff to allege, and to prove *de hors* the record, a sufficient cause of action against the defendants, and this, I think, he has failed to do.

GORDON, J., concurs with ANDERS, J.