[No. 8337. Department Two. December 23, 1909.]

## JOHN O'CONNOR et al., Appellants, v. JOHN ENOS, Respondent.[1]

PLEADING—AMENDMENTS—TRIAL—STIPULATED FACTS. Upon a trial upon stipulated facts, the complaint is deemed amended to conform to the stipulation.

FRAUDS, STATUTE OF—ORAL LEASES. An oral lease entered into in May, 1904, for the cropping season of 1905, is void by reason of the statute of frauds.

SAME—ORAL LEASE—PART PERFORMANCE. Taking possession of land under an oral lease for the next season, plowing, cultivating, and summer fallowing the land, is such part performance as to take the same out of the operation of the statute of frauds.

COVENANTS—AGAINST ENCUMBRANCES—BREACH—LEASE. The unexpired term of a valid lease, subsisting at the date of the execution of a deed, is an encumbrance and a breach of covenants of warranty, and entitles the grantee to damages.

COVENANTS—AGAINST ENCUMBRANCES—NOTICE OF—ESTOPPEL. Notice of an outstanding lease does not estop the grantee from recovering damages for breach of covenants against encumbrances.

EVIDENCE—PAROL—TO VARY COVENANT. Parol evidence is inadmissible to show an exception which would destroy a plain unambiguous covenant against encumbrances.

JUDGMENTS — MATTERS CONCLUDED — COVENANTS — ACTIONS — DEFENSES. A judgment against grantees in their unsuccessful attempt to recover possession of the granted premises from tenants of the grantor in possession, does not show that there was no breach of warranty by reason of the unexpired lease, where the court held that there were additional reasons why the plaintiffs could not recover in that action.

[1]Reported in 105 Pac. 1039.

COVENANTS—AGAINST ENCUMBRANCES—MEASURE OF DAMAGES. Upon a breach of covenant of warranty against encumbrances by reason of an unexpired lease, the measure of damages is the. rental value of the premises during the withholding.

SAME—EXPENSES INCURRED—ESTOPPEL. Upon a breach of covenant of warranty against encumbrances by reason of an unexpired lease, the grantee cannot recover the costs incurred in a prior action to recover possession, .where the court held in that action that they were estopped by their own acts to maintain that action, such judgment being conclusive.

COVENANTS—BREACH—ACTION — DEFENSES — ESTOPPEL. The fact that grantees are estopped by their own acts to recover possession of the granted premises, does not prevent recovery from the grantor of damages for breach of covenant against encumbrances by reason of an unexpired lease.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered July 3, 1909, upon findings in favor of the plaintiffs, upon an agreed statement of facts, in an action for breach of covenant against incumbrances. Reversed.

*Merritt, Oswald & Merritt,* for appellants.

*Charles P. Lund, L. R. Hamblen,* and *W. S. Gilbert,* for respondent.

RUDKIN, C. J.—On the 5th day of November, 1904, the defendant, John Enos, conveyed .to the plaintiff Gertrude O'Connor a section of land in Lincoln county for the consideration of $12,000. The deed of conveyance contained the following covenants of warranty:

"And the said John Enos, a bachelor, party of the first part, for his heirs, executors and administrators, does covenant with the said party of the second part, his heirs and assigns, that he is well seized in fee simple of the lands and premises aforesaid, and has good right to sell and convey the same in manner and form aforesaid; that the same are free from all encumbrances. And the above bargained and granted lands and premises, in the quiet and peaceful possession of the said party of the second part, his heirs and as-

signs, against all persons lawfully claiming, or to claim, the whole or any part thereof, the said party of the first part will warrant and defend."

The present action was instituted to recover damages for breach of the covenant against encumbrances contained in the foregoing deed, and the case was submitted to the court below on an agreed statement of facts, the material parts of which are as follows:

"That prior to the said conveyance, and in the month of May, 1904, the defendant entered into an oral agreement with one J. W. Oliver, by the terms of which the said J. W. Oliver was to have the possession of and the right to farm said lands for the farming season of 1905, and said Oliver was to pay as rental therefor one-third of all of the grain harvested from said land during said season, to be delivered to the said defendant in sacks, upon said land, and thereafter said Oliver entered into an agreement with one C. C. Elliott, by which said Elliott was to have the use of part of said land for the crop year of 1905.

"That pursuant to said agreements the said Oliver and Elliott, in the summer of 1904, entered upon and took possession of about 400 acres of said land, plowed and cultivated the same, and put said land in condition to be seeded to wheat, and at the time of the conveyance by said defendant to the plaintiffs said 400 acres of land was summer fallowed and ready to be seeded to wheat in the spring of 1905.

"That in December, 1904, plaintiffs leased said real estate to Bell Brothers, who attempted to take possession of said lands, but were prevented by the said Oliver and Elliott, who were in and withheld the possession thereof, claiming the right to possession under said oral agreement with the defendant, as aforesaid; that upon the failure of the said Bell Brothers to obtain possession of said lands, said lease given them by plaintiffs was cancelled, and said plaintiffs made no further attempt to regain possession of said lands, except to commence an action against the said Oliver and wife and Elliott and wife, as hereinafter stated.

"That after said Oliver and Elliott had refused to permit said Bell Brothers to take possession of said lands, and on the — day of April, 1905, the plaintiffs instituted an action in the superior court of the state of Washington, in and

for the county of Lincoln, against J. W. Oliver and wife, for the possession of said real estate, and thereafter filed an amended complaint therein making C. C. Elliott and wife defendants therein.

"Issue was joined in said action by the answers of the defendants, Oliver and Elliott, and the reply of the plaintiffs, and the defendants therein were enjoined from harvesting and removing said crop on said real estate; thereafter said defendants furnished a bond, and by reason thereof were permitted, by the court, to harvest and remove said crop; that said action thereafter came regularly on for trial, it being contended by the plaintiffs herein that it was understood at the time of the conveyance of said real estate to plaintiffs that the arrangement with said Oliver and Elliott was that, in the event the defendant herein should sell said real estate prior to the time the same was seeded in the spring of 1905, the said defendant was to pay said Oliver and Elliott for the summer fallowing thereof, and deliver possession immediately to such purchaser, and that the plaintiffs were to have the possession of said real estate upon the execution of said conveyance, while on the other hand it was contended by said Oliver and Elliott that at the time of the said conveyance it was understood and agreed between the parties to this action that the said Oliver and Elliott were to seed said land and have the use and occupancy of the same for the crop year of 1905 and that by reason thereof the plaintiffs herein were not to have the possession of said land until after said crop of the year 1905 had been removed.

"That the defendant herein had knowledge and notice of the commencement of said action against the said Oliver and wife and Elliott and wife, aforesaid, was present at the trial thereof, and testified on behalf of said defendant upon the issues raised.

"That no demand upon said Oliver and Elliott for the possession of said lands was made after said Bell Brothers were prevented by said Oliver and Elliott from taking the possession thereof, as shown in paragraph VI hereof, and that no steps or proceedings in connection therewith, except to commence said action referred to, was had or taken.

"That the prosecution of said action in the superior court of Lincoln county, and the supreme court of the state of Washington, the plaintiffs were compelled to and did expend

as costs, expenses and attorney's fees therein, the sum of
$1,000, the items of said expense being more specifically enum-
erated in the statement attached to the amended complaint in
this action, marked Exhibit B.

"That a fair, reasonable rental value of the use and occu-
pation of said real estate for and during the season of 1905
was and is the sum of $1,800.

"That in December, 1904, and again in February, 1905,
Bell Brothers went to said real estate to take possession
thereof under their lease with plaintiffs, and at said times
they were informed by said Oliver that the arrangement be-
tween the defendants herein and said Oliver was that said
Oliver was to have the use and occupation of said land for
the farming year of 1905, and that said Oliver and said
Elliott intended to hold possession of said land, seed it in the
spring of 1905, and that said Bell Brothers would not be
permitted to have possession thereof during said year, which
said information so given to Bell Brothers by said Oliver was
communicated to plaintiffs by said Bell Brothers."

On the foregoing facts the court gave judgment for the de-
fendant, and the plaintiffs have appealed.

The respondent earnestly insists that the complaint does
not state facts sufficient to constitute a cause of action, for
the reason that it fails to allege or show a breach of the cove-
nant against encumbrances. If we were to eliminate from the
complaint the allegations in reference to the judgment re-
ferred to in the foregoing statement—and the appellants
earnestly insist that that judgment cannot be considered—
there is little left in the complaint to show a breach of the
covenants of warranty. But be that as it may, the case was
submitted to the court on an agreed statement of facts, and
such statement largely superseded the pleadings. In other
words, under the established practice in this state, the com-
plaint must be deemed amended to conform to the stipulated
facts.

Do the stipulated facts show a breach of the covenant
against encumbrances? If the appellants' case rested on the
oral lease alone, manifestly they do not, for that lease was

unquestionably void by reason of the statute of frauds. But the agreed statement shows that the tenants took possession under their oral lease, and plowed, cultivated and summer fallowed the land long prior to the execution of the deed. Such acts on their part constituted part performance and took the oral lease out of the statute. 1 Taylor, Landlord & Tenant (9th ed.), § 32; Frye, Specific Performance of Contracts (3d ed.), p. 291 *et seq.;* 28 Am. & Eng. Ency. Law (2d ed.), p. 56, and cases cited. We are therefore of opinion that there was a valid subsisting lease on the premises at the date of the execution of the deed, and all the authorities agree that the unexpired term of such a lease constitutes an encumbrance. *Fritz v. Pusey,* 31 Minn. 368, 18 N. W. 94; *Clark v. Fisher,* 54 Kan. 403, 38 Pac. 493.

If there was an encumbrance against the land at the time of the execution of the deed the appellants are entitled to recover damages for its breach, unless they are estopped to maintain such action by some act of their own. The mere fact that the appellants had notice of the outstanding lease at the time they accepted the deed would not work an estoppel. *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.,* 25 Wash. 627, 66 Pac. 97, 62 L. R. A. 763. Nor was parol testimony admissible to destroy the covenant. The covenant is plain and free from ambiguity, and if the grantor is at liberty to show by oral testimony that the conveyance was subject to one encumbrance he may show that it was subject to others, and thus entirely destroy his solemn contract. *Clark v. Fisher, supra; West Coast Mfg. & Inv. Co. v. West Coast Imp. Co., supra,* and cases cited.

It is questionable whether the record and judgment in the action prosecuted by the appellants against the tenants to recover possession of the granted lands was competent or admissible on this hearing. In *Anderson v. Bigelow,* 16 Wash. 198, 47 Pac. 426, it was held that a similar judgment was no evidence in an action for a breach of covenant, and that the grantor's knowledge of the pendency of such prior action

or his presence at trial as a witness would not change the rule. That case was reaffirmed in *Cullity v. Dorffel*, 18 Wash. 122, 50 Pac. 932. But if we are permitted to examine the judgment in that case, it fails to show that there was no breach of warranty. The court there simply held that there were other and additional reasons why the appellants here could not recover in that action. For these reasons we are of opinion that the appellants are entitled to recover for the breach, and that the measure of damages is the reasonable rental value of the premises during the time they were withheld. *Fritz v. Pusey, supra*.

The appellants further contend that they are entitled to recover the costs and expenses incurred in the prior action, amounting to the sum of $1,000. In the determination of this question, at least, we may look to the judgment and pleadings in the action in which the expenses were incurred. An examination of the record in that case shows that the court ruled that the appellants were estopped to maintain the action by their own conduct, and that adjudication is final and conclusive here. If the appellants were estopped to maintain the action, regardless of the existence or validity of the lease, it was their own folly to attempt it, and the respondent should not be charged with the expenses thus incurred.

We will add in conclusion that there is no inconsistency between the claim of estoppel and the claim that an encumbrance existed. For if there was in fact an encumbrance, the appellants are entitled to recover damages for its breach, although they might be unable to recover the premises from the tenants in possession on other grounds and for other reasons. The judgment is reversed, with directions to enter judgment in favor of the appellants for the sum of $1,800 with interest and costs of suit.

PARKER, DUNBAR, CROW, and MOUNT, JJ., concur.