[No. 8608. Department One. July 13, 1910.]

William L. Dimmick *et al., Appellants,* v. D. S. Sprinkel *et al., Respondents.*[1]

Principal and Agent—Powers—Exceeding Authority — Rights of Third Persons. An objection that a mortgage executed by an attorney in fact is void because the power of attorney only authorized conveyance by quitclaim, can be asserted against the mortgagee only by the principal.

Estoppel—Principal and Agent—Powers. Where an attorney in fact, with power only to sell, mortgaged the property to borrow money for the purchase price, and then conveyed the land to his wife, he and those claiming under him are estopped to assert that the mortgage was invalid because not authorized by the power of attorney.

Appeal from a judgment of the superior court for Benton county, Canfield, J., entered July 19, 1909, upon findings in favor of the defendants, dismissing an action for the strict

[1]Reported in 109 Pac. 1018.

foreclosure of a mortgage, after a trial on the merits before the court without a jury. Reversed.

*Frank A. Luse,* for appellants.

*H. Dustin,* for respondents.

CHADWICK, J.—One Henry J. Thomas, acting under a power of attorney executed by the Santa Fe Pacific Railroad Company, made a mortgage in the name of the railroad company upon certain lands in Benton county, the record title of which was in the railroad company, to William L. Dimmick, the plaintiff herein. When called as a witness in this case, Thomas testified that the money loaned, $935, was used by him to pay the purchase price of the land. Thereafter, and still acting under his power of attorney and in the name of the company, Thomas conveyed the land to his wife, Hattie J. Thomas. Thereafter several mortgages were executed by Thomas and his wife, and a judgment was obtained by the defendant D. S. Sprinkel. On January 3, 1908, Thomas and wife deeded the property to the plaintiffs, who began an action against defendants to compel a redemption, or, as denominated by plaintiffs' attorney, a strict foreclosure. The trial court found that the mortgage made in the name of the railroad company by Thomas, its attorney in fact, was null and void, and dismissed the action. Plaintiffs have appealed.

It was the theory of the court below that, inasmuch as the power of attorney was limited in its terms to a power "in its place and stead to convey by quitclaim deed the said lieu lands so selected as aforesaid, in whole or in part, and the said Santa Fe Pacific Railroad Company to any grantee in any conveyance executed by said attorney hereby gives notice that said attorney hereunder has authority to convey in whole or in part only the lands," etc., the attorney in fact had no power, so long as the legal title remained in the railroad company, to execute any conveyance other than might fall within the strict definition of the terms of his power; and

there being no proof of the power of the attorney to make the mortgage, there was an entire failure of proof to establish any right whatever in the plaintiffs under the mortgage.

That an attorney in fact with power to sell has no power to mortgage, and that one who takes by or through a conveyance executed by an attorney in fact must take notice of his power, is well settled and needs no citation of authority. But this rule is for the benefit of the principal, and we know of no cases, and none are cited, holding that, where the principal is not present and objecting, a third party, as in this case an involuntary lienholder, can set up the invalidity of an instrument executed in excess of the power. As between the appellants, the mortgagees, and Thomas, no such question could arise, for Thomas would be estopped to set up his own wrong or the invalidity of the mortgage to defeat the obligation which inured to his benefit. This being so, it follows that the one claiming by, through, or under him, or his grantee, would be bound by the acts of the agent, and likewise estopped to plead the invalidity of the mortgage. It cannot be denied that Thomas might, as attorney for the railroad company, have deeded the property to his wife, and then joined with her in executing the mortgage to secure the money borrowed to pay the purchase price. It would follow then, that, as between the parties, their privies, and subsequent lienholders, the validity of the mortgage could not be put in issue. Although possibly permissible under some circumstances, we are unwilling to hold that any necessity for a strict foreclosure of the mortgage exists in this case, and in the event of a final decree in favor of plaintiffs, we direct that the usual practice be pursued, and the property be sold to satisfy the debt subject to redemption.

Judgment reversed, and the cause remanded for a new trial.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.