[No. 14091.   Department Two.   August 6, 1917.]

*In the Matter of the Estate of* AMAZIAH SPRINGER.[1]

MORTGAGES—EQUITABLE MORTGAGE—REQUISITES—POWER OF ATTOR-
NEY.   Under Rem. Code, §§ 8745, 8746, 8750, requiring all conveyances
of real estate or any interest therein and all contracts creating any
incumbrance upon real estate to be by deed, and all deeds to be in
writing, signed by the party to be bound and acknowledged, an irre-
vocable power of attorney to receive and hold in trust, as collateral
security, an heir's interest in an estate, does not constitute an
equitable mortgage upon the interest of the heir in real property
inherited by him; since it contains no word of grant referring to
the title to real property, or giving the attorney power to convey
the same, and since his intent to incumber the property must, in
the light of the statute of frauds, be found in the writing itself.

PRINCIPAL AND AGENT—POWER OF ATTORNEY—RECITALS—ESTOPPEL.
A reference in a power of attorney to a supposed assignment, does
not estop the principal from denying the existence of the assignment,
where it was immaterial to the essential purpose of the power.

Appeal from a judgment of the superior court for King
county, Edward H. Wright, J., entered December 16, 1916,
in favor of a certain lien claimant, in an action to determine
conflicting claims of creditors to the distributive share in real
property inherited by a judgment debtor, tried to the court.
Affirmed.

*Walter Metzenbaum* and *S. H. Kelleran,* for appellants.

*McClure & McClure* and *Walter S. Osborn,* for respondent.

PARKER, J. — This is a controversy between creditors of
Benjamin F. Springer, claiming liens upon his one-eleventh
distributive share of the real property inherited by him from
his brother, Amaziah Springer, deceased.   The First National
Bank of Crestline, Ohio, and the Kriell-French Piano Com-
pany claim first liens upon the property under a power of
attorney executed by Benjamin F. Springer to William Mon-
teith, which they claim became in effect an equitable assign-

[1]Reported in 166 Pac. 1134.

ment of or mortgage upon the entire interest of Banjamin F. Springer in his deceased brother's estate to secure the indebtedness owing by him to them which is here sought to be recovered.   Stultz Brothers, a corporation, claims a superior lien upon the interest of Benjamin F. Springer in the real property inherited by him from his deceased brother, under the levy of an attachment issued out of the superior court for King county in an action commenced therein by Stultz Brothers against Benjamin F. Springer seeking recovery of a debt due it from him, in which action judgment was rendered against him.   These lien claimants all appeared in the probate proceedings for the administration of the estate of Amaziah Springer in the superior court for King county, asserting their respective claimed interests in the one-eleventh distributive share of the estate of Amaziah Springer, and asked distribution accordingly.   Distribution was made by the superior court in effect subjecting the interest of Benjamin F. Springer in the property inherited from his brother to the payment of the debts due by him to these claimants, "subject to the subsequent adjudication of the rights of said persons as between themselves."   The decree also directed that the claimants "file in this cause pleadings setting forth their respective claims to said undivided one-eleventh interest." Pleadings were accordingly filed by the respective claimants and, upon the issues so made, trial was had, resulting in judgment in favor of Stultz Brothers, adjudging in effect that its attachment and judgment lien constituted a prior and superior lien to that of the other claimants to the interests of Benjamin F. Springer in the real property inherited from his deceased brother.   From this disposition of the controversy, the claimants William Monteith, First National Bank and Kriell-French Piano Company have appealed to this court.

Amaziah Springer died intestate in the year 1908, leaving eleven brothers and sisters as his only heirs at law, one of whom is Benjamin F. Springer.   Sarah Springer became the

duly appointed and acting administratrix of Amaziah Springer's estate, which continued in the course of administration in the superior court for King county up until the determination of this controversy in that court. Amaziah Springer left in King county the real property the undivided one-eleventh of which is here in question. On the 18th day of July, 1910, Benjamin F. Springer executed and delivered to William Monteith the following writing:

"Power of Attorney

"Know all men by these presents, That I, Benjamin F. Springer of Crestline, Ohio, do hereby constitute and appoint William Monteith of the same place, my attorney in fact, for me and in my name to receive from and receipt to Sarah Springer, administratrix of the estate of Amaziah Springer, deceased, for any and all money and property coming to me as an heir of said decedent or otherwise, less the sum of $721 assigned to the Kriell-French Piano Co.

"My said interest in said estate to be received by my said attorney and held by him in trust, as collateral to secure the payment of any promissory notes or renewals that I may at any time owe to the First National Bank of Crestline, Ohio, and to the extent of my liabilities to said bank, this power of attorney is not revocable, hereby ratifying and confirming all things my said attorney shall do relating to the powers hereby granted and given him, or incident thereto.

"In testimony whereof, I have hereunto set my hand and seal this 18th day of July, 1910.

"Benjamin F. Springer (Seal)

"Signed and acknowledged in our presence.

"P. W. Poole
"F. P. Hayes

"The State of Ohio,
"Crawford County.

"Before me, a notary public in and for said county, personally appeared the above named Benjamin F. Springer and acknowledged the signing of the above power of attorney to be his free and voluntary act.

"In testimony whereof I have hereunto affixed my name and official seal this 18th day of July, 1910.

"P. W. Poole, Notary Public.

"(Notarial Seal)      My commission expires July 10, 1913."

In August, 1912, respondent, Stultz Brothers, commenced an action in the superior court for King county seeking recovery from Benjamin F. Springer upon certain promissory notes executed by him evidencing his indebtedness to Stultz Brothers. At the same time, Stultz Brothers caused a writ of attachment to issue in that action, by virtue of which, on the 15th day of August, 1912, the sheriff of King county levied upon and attached all the right, title and interest of Benjamin F. Springer in and to the real property inherited by him from his deceased brother in King county, properly describing that property in his certificate of levy. Thereafter judgment was rendered in that action in favor of Stultz Brothers and against Benjamin F. Springer for $1,231.60. This judgment and attachment lien was held by the superior court to be superior to the claims of the bank and the piano company.

The real problem here for our consideration is, Does this power of attorney constitute an equitable mortgage upon the interest of Benjamin F. Springer in the real property in question? Counsel for appellants invoke the law of equitable assignments, and especially the liberal rule of construction which equity follows in determining the intention of the parties from language, oral or written, which may be claimed to constitute an equitable assignment. The authorities relied upon by counsel, however, have to do almost wholly with equitable assignments of personal property, or to funds which have a prospective existence. The property here involved is real property only, and we are reminded that:

"All conveyances of real estate or of any interest therein, and all contracts creating or evidencing any encumbrance upon real estate shall be by deed,"

and that all such deeds shall be in writing, signed by the party to be bound thereby and acknowledged. Rem. Code, §§ 8745, 8746, 8750.

We are, therefore, confronted with this statute of frauds, and before it can be held that this power of attorney is an

equitable mortgage, there must be found upon its face language evidencing an intent on the part of Benjamin F. Springer to convey or mortgage his interest in the real property inherited by him to secure the payment of his debts owing to appellants. That the title to the real property acquired by inheritance from his brother was then fully vested in Benjamin F. Springer, subject only to the debts of his brother's estate and the expense of administration, is well settled law. Rem. Code, § 1366; 9 R. C. L. 121. From which it follows as a matter of course that he could then voluntarily convey or encumber such real property by a deed, but not otherwise. Now, conceding that the power of attorney would be sufficiently executed as a deed or encumbrance so far as its signing and acknowledging are concerned, can its language be construed as evidencing an intent on the part of Benjamin F. Springer to thereby convey or mortgage his real property to secure his indebtedness owing to appellants. It contains no words of grant whatever, such as are common to deeds and mortgages. It simply appoints William Monteith attorney in fact to receive from the administratrix "any and all money and property coming to me as an heir of said decedent [his brother] or otherwise, less the sum of $721 assigned to Kriell-French Piano Co." Clearly this does not divest Benjamin F. Springer of any interest in, or in any manner encumber, his real property. It is true that this language is followed by the words, "my said interest in said estate to be received by my said attorney and held by him in trust as collateral to secure payment of any promissory notes or renewals that I may at any time owe to the First National Bank of Crestline, Ohio." But even here we have no words referring to the title to real property. It is also to be noted that, while every act to be done by William Monteith authorized by the power of attorney is to be done as the agent and in the name of Benjamin F. Springer, there is a total absence of any grant of power to William Monteith to convey the real property or to do anything with it looking to the subjecting of it to the

satisfaction of any of the debts of Benjamin F. Springer. In the text of 2 C. J. 556, we read:

"A power of attorney, being a formal instrument, must be strictly construed according to the natural import of its language, and the authority conferred is not to be extended beyond that which is given in express terms, or which is necessary and proper to carry into effect that which is expressly given."

The rule thus stated is amply supported by authority, and is peculiarly applicable to powers of attorney relied upon as relating to real property. We think it is plain that, whatever may be said touching the effect of this power of attorney as a possible equitable assignment of personal property which might be delivered by the administratrix to William Monteith upon the close of the administration, it can in no event be held to constitute an equitable mortgage of the real property of Benjamin F. Springer. It may be that, at the time of the execution of the power of attorney, there existed in the mind of Benjamin F. Springer an intent that the real property inherited from his brother should be subjected as mortgaged property to the satisfaction of his debts owing to appellants, and that the recitals therein might lend some aid, with other circumstances not appearing from its language, to prove such intent, but it seems plain to us that such intent cannot be gathered from the language of the power of attorney alone. It must be remembered that we are dealing with the question of Benjamin F. Springer's intent in the light of the statute of frauds, and that it is, therefore, not enough that Benjamin F. Springer's intent to incumber his real property as by mortgage could be found by facts deducible from other evidence, but such intent, to be rendered effective, must be found in this writing. We are of the opinion that no such intent is evidenced therein, and conclude that the lien of respondent's attachment and judgment upon the real property of Benjamin F. Springer is superior to the claim of the First National Bank of Crestline, Ohio. Our decision in *Hossack v. Graham*,

20 Wash. 184, 55 Pac. 36, is in harmony with and lends support to this conclusion.

The claim of the Kriell-French Piano Company, we think, rests upon even a weaker foundation than that of the First National Bank of Crestline. There is not in the record before us any evidence of any assignment by Benjamin F. Springer of his interest in the property inherited from his brother, other than the reference to some such supposed assignment of money in the power of attorney above quoted. Plainly, under the authorities, this does not constitute a conveyance or incumbrance of real property, and even if it referred to real property instead of money, it would not estop Benjamin F. Springer from denying the existence of any such conveyance or incumbrance, since it is immaterial to the essential purpose of the power of attorney. 16 Cyc. 701.

The judgment rendered by the trial court determining the respective priorities of the liens of appellants and respondent seems to give respondent a lien upon all of the property, both real and personal, of Benjamin F. Springer inherited from his brother, a very small part of which appears to be personal property. So construing the decree, it would be manifestly erroneous in so far as it awarded respondent a lien upon the personal property, since its attachment and judgment lien is upon the real property alone. Reading the record as a whole, we are led to believe that this is a mere inadvertence in the form of the judgment. Counsel for the respective parties, while mentioning the fact that there is a small amount of personal property, seem to have overlooked that fact in the preparation of the decree, as the court also must have done in its signing of the decree.

We conclude that the judgment of the superior court, determining in effect that respondent has a superior lien upon the real property inherited by Benjamin F. Springer from his deceased brother, should be affirmed, and that the decree should be deemed amended so as to limit the lien to such real

property.   It is so ordered.   Respondent will recover its costs in this court.

While we hold that the power of attorney executed by Benjamin F. Springer did not create an incumbrance upon the real property as against the attachment and judgment lien of Stultz Brothers, upon the theory that it was wholly ineffectual as an incumbrance, we do not mean to hold in this case that the decree of distribution awarding the First National Bank of Crestline and the Kriell-French Piano Company a lien upon both the real and personal property is not binding upon Benjamin F. Springer.   If the trial court was in error to this extent in rendering its decree of distribution, as our views above expressed may seem to argue, it is not an error with which we are here concerned.

ELLIS, C. J., MOUNT, FULLERTON, and HOLCOMB, JJ., concur.