Saul S. Streit, J.
This is a motion by plaintiff for judgment on the pleadings. The complaint alleges and the answers admit that defendant Lutkins, “ assuming to act under ” a power of attorney from plaintiff which is annexed to the pleading, transferred plaintiff’s securities to defendant trust company under an indenture which deprived her of all control over the principal, except with the consent of the trustee, and which provided that upon plaintiff’s death the corpus was to go to her issue or, in default of issue, to her executors, administrators and legal representatives.
*1083 The question presented for adjudication on this motion is whether the power of attorney was broad enough to authorize Lutkins to enter into the trust indenture on plaintiff’s behalf. Defendants rely upon the italicized language in the next to the last paragraph of the body of the power of attorney, which reads: ‘ ‘ And I hereby give and grant unto my said attorney full power and authority to do 'and perform any and every act and take any and all steps which he may deem requisite or necessary in the premises as fully to 'all intents and purposes as I might or could do if personally present with full discretion, it bemg my intention hereby to give my said attorney full power and authority to look after all of my affairs and to deal with my property in the same manner as though he were the actual owner thereof.” (Italics the court’s.)
Had the power of attorney ended immediately prior to the language above italicized, it is clear that it would not have been broad enough to authorize the trusteeing of plaintiff’s property in accordance with the indenture. The words ‘ ‘ in the premises ” limit the authority conferred to the activities theretofore referred to in the power, viz., sales and transfers (the proceeds of which would belong to the plaintiff), collections, voting stock, participation in reorganizations of companies whose securities belong to plaintiff, investment and reinvestment of funds, borrowing, signing of tax returns, signing of checks and other commercial paper, entry into possession of realty, the leasing of realty, and other activities far removed from the tying up of plaintiff’s property in a trust fund and the creation of remainder interests in the fund in persons selected by the person exercising the power of attorney. Had the italicized language been added as an additional and independent provision of the power, with the intention to confer authority upon Lutkins over and above that granted by the preceding language of the document, it might perhaps be that the broad language employed would require a holding that the execution of the trust indenture was authorized by the power of attorney. The italicized language is not, however, a separate grant of additional authority. It is a participial clause, commencing with the words “ it being my intention hereby to give my said attorney full power and authority ’ ’, thus indicating that the italicized language was intended to relate only to activities of Lutkins ‘ ‘ in the premises ” and not to any activities whatsoever which Lutkins might engage in, wholly unrelated to the activities referred to in the previous language of the document. To put it somewhat differently, had the power read: “ I also give my said attorney full power and authority to look after all of my affairs and to *1084 deal with my property in the same manner as though he were the actual owner thereof”, the contention of the defendants would possess more substance.
Defendants claim that an issue is created by their denial of the allegation of the complaint that what Lutkins did was unauthorized and contrary to plaintiff’s expressed wishes. In view of their admission that the execution of the indenture was in reliance upon the power of attorney, there appears to be no material issue. If the defendants’ position is that plaintiff gave independent authorization to Lutkins to sign the trust indenture on her behalf, they should amend their answers to include an allegation to that effect.
The • motion is granted, with leave to defendants to amend within 10 days from the service of a copy of this order with notice of entry.