George T. Vandermettlbn, Off. Ref.
This is a surplus money proceeding. James and Gary Stevens, infants, owned as record title owners certain real property in the Town of Hamburg. It was sold in a mortgage foreclosure action. There was left over surplus moneys in the amount of $1,500. It is claimed by the *556 said infants as record title owners. It is also claimed by George Nickoloff individually and as administrator of the" estate of Agnes Nickoloff. While there was mentioned a .claim of fraud, no evidence to establish it was introduced. The claim of the said infants is based upon a power of attorney executed by Agnes Nickoloff, deceased, wife of George Nickoloff. This instrument gave to one Victoria Singer certain powers. It was very broad in scope. The particular part of the power of attorney involved in this proceeding and on which the plaintiffs base their claim is the following: ‘1 and to lease, let demise, bargain, sell, remise, release, convey, mortgage and hypothecate lands, tenements, hereditaments, upon such terms and upon such conditions and upon such covenants as she shall think fit ”.
There was a proceeding before the Surrogate of Erie County involving the assignment of a mortgage not involved in this particular proceeding which assignment was executed pursuant to the authority granted under the power of attorney. The Surrogate found the assignment valid. In other words, that the attorney in fact had the authority to execute such assignment. The attorney for the infants now claims this is res judicata and that all parties are bound by this decision.
I hold it is not res judicata. See Smith v. Kirkpatrick (305 N. Y. 66, 70), which states: <£ It is familiar law that where a cause of action has been prosecuted to a final adjudication on the merits, the same cause of action may not be again litigated. It is said that the prior adjudication is conclusive as to all things which might have been litigated as well as those actually litigated but that where a subsequent proceeding is had upon a different cause of action between the same parties or their privies only such things as were actually and necessarily determined in the prior proceeding are held to be concluded (Cromwell v. County of Sac, 94 U. S. 351 ; 2 Freeman on Judgments [5th ed.], p. 1453 ; Collateral Estoppel by Judgment, 56 Harv. L. Bev. 1, 2-3).”
There is a distinction between a mortgage and a deed of real property. The mortgage is personal property. (See Belfanc v. Belfanc, 252 App. Div. 453, 456, 457, affd. 278 N. Y. 563 ; Flyer v. Sullivan, 284 App. Div. 697 ; Matter of Picozzi, 12 Misc 2d 347.)
A different part of the power of attorney relates to real property. The Surrogate did not construe that part of the power of attorney relating to real property in making his decree.
The next question is whether or not the power of attorney gave the attorney in fact the right to convey the property to the grandchildren. There is no evidence that anything was paid for *557 the property, so it must have been a gift. Therefore the question arises as to whether under the power of attorney the attorney in fact had the authority to give this property to the grandchildren. It appears to me that if the owner of the property did desire to give this property to the grandchildren, she could as easily have executed a deed to the grandchildren as to execute a power of attorney; in fact more easily.
The power of attorney, after enumerating numerous specific powers not uncommon to powers of attorney, grants very general powers usually found in powers of attorney. This is followed by a provision with respect to real property, hereinabove referred to. There is nothing in the foregoing power of attorney to suggest any power in the attorney in fact to make a gift to anybody. It would be most unusual for an owner of property to grant a power of attorney authorizing the attorney in fact to give his property away. If a person has decided to make a gift of property, he or she usually decides as to who is going to be the donee.
In Volume 2 of American Jurisprudence under the heading of Agency (§ 31, p. 33), there is the following: “ In no case can he stipulate so as to bind the principal to his injury, unless specially authorized to do the act which may result in injury.”
At page 35 (§ 32), under the subheading of General Expressions of Authority, the following was stated: “ When power is conferred upon an agent by a power of attorney, the meaning of general words in the instrument is restricted by the context and construed accordingly and the authority given is construed strictly, so as to exclude the exercise of any power that is not warranted either by the terms actually used or as a necessary means of executing with effect the authority given. So it is that a general clause in a power of attorney given for a specific purpose, authorizing the agent to do “ any and every act ” in the principal’s name which he could do in person, must be construed to relate to the specific purpose, and does not constitute such agent a general agent. The specific authorization of particular acts tends to show that a more general authority is not intended.”
In Volume 2 of Corpus Juris Secundum under the title “ Agency ” (§ 98, p. 1222), the law is stated as follows: “ Any such instrument, although general in its grant of authority to act for the principal, is to be construed, where nothing appears in the writing to indicate a contrary intention, as only authorizing conduct with reference to the principal’s separate individual business and for his use and not as allowing the agent to engage in transactions unrelated to that business or hostile to that *558 interest or to bind the principal by acts contemplated to benefit the agent himself or some third person at the principal’s expense.”
See the following cases: Lahn v. Sullivan (116 App. Div. 669, 673-674, 676 [4th Dept., 1906], affd. 192 N. Y. 591) ; Michaelsen v. United States Trust Co. (13 Misc 2d 1082) ; Craighead v. Peterson (72 N. Y. 279, 284) ; Porges v. United States Mtge. & Trust Co. (203 N. Y. 181, 190) ; Erie County Sav. Bank v. Grove (13 N. Y. S. 2d 224) ; Stainer v. Tysen (3 Hill 279).
I decide that the surplus money belongs to George Nickoloff individually and as administrator of the estate of Agnes Nickoloff.