■ INTERCONTINENTAL CREDIT CORPORATION DIVISION OF PAN AMERICAN TRADE DEVELOPMENT CORP., Appellant-Respondent, v HENRY A. ROTH, Defendant. ITZHAK SHARON, Nonparty Respondent-Appellant.—Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered on November 1, 1991, which, *inter alia,* granted nonparty witness's motion to quash a post-judgment subpoena served on him by plaintiff and to dismiss plaintiff's post-judgment proceedings against him and his entities, and directed plaintiff and its attorneys to return to nonparty witness all documents, records and copies thereof received by or turned over to plaintiff from any source in connection with its post-judgment proceedings against nonparty witness, but denied nonparty witness's motion for sanctions, attorney fees and costs, unanimously affirmed, without costs.

This is part of extended post-judgment litigation involving plaintiff's efforts to collect on a $19,464,667.54 judgment entered in Supreme Court, New York County, on October 10, 1989, against defendant, who does not appear on this appeal. The nonparty witness is allegedly a business associate of defendant with knowledge of assets allegedly held by the latter in New York, New Jersey and Israel. In July 1990, plaintiff retained Israeli counsel executing a power of attorney in favor of the advocate with respect to the litigation against defendant. Therein, the advocate is granted the power to "reach a compromise settlement in *any matter relating to or arising from the matters mentioned above"* (emphasis added) and to "adopt any act and to sign upon any document or deed without exception which [his] legal proxies shall deem appropriate *in any manner arising from the above mentioned matter"* (emphasis added).

Pursuant to this power of attorney, the Israeli advocate met with the nonparty witness in Israel. After some negotiation, the nonparty witness produced certain documents, and he and the advocate executed a letter agreement to the effect that no claim would be brought against the nonparty witness "in regard" to defendant, and that the nonparty witness would not testify in "any matter relating to" plaintiff against defendant. The nonparty witness also executed an affidavit in which he recited an agreement that he would be stricken from "any

proceedings concerning" the defendant including a then pending motion and all related petitions "in any place in Israel or abroad in connection with claims against" defendant.

We agree with the IAS Court that the power of attorney was not limited to proceedings against defendant in Israel, and that it granted the Israeli advocate actual authority to waive plaintiff's rights to pursue any proceedings against the nonparty witness, including the instant proceedings. The Israeli stipulation should be construed broadly in light of a clear manifestation of intent by the parties (see, Kraker v Roll, 100 AD2d 424, 438). The IAS Court's construction of the power of attorney is consistent with its apparent purpose and the natural meaning of the words used (see, Benderson Dev. Co. v Schwab Bros. Trucking, 64 AD2d 447, 455). Nor can the language of the power of attorney at issue herein be described as specific limiting language (cf., Michaelsen v United States Trust Co., 13 Misc 2d 1082, 1083).

We decline to disturb the IAS Court's exercise of discretion in denying sanctions (cf., Odette Realty Co. v DiBianco, 170 AD2d 299, 300-301).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Rubin, JJ.