■ FRANCES M. RUCHMAN, Individually and as Personal Representative of MARY E. LAMBERT, Appellant, v L. WOLFF et al., Respondents. (Action No. 1.) In the Matter of JEFFREY FRERICHS, as President of Cabrini Medical Center, for the Appointment of a Committee for MARY E. LAMBERT, an Alleged Incompetent, Respondent. (Action No. 2.)—Orders, Supreme Court, New York County (Herman Cahn, J.), entered December 6, 1991, December 6, 1991, on or about January 6, 1992 and on or about March 25, 1992 vacating plaintiff's note of issue, sealing the record, declaring Mary E. Lambert incompetent and appointing a committee, granting defendants summary judgment dismissing the complaint, and denying a cross motion by plaintiff to vacate a prior decision, unanimously affirmed, without costs.

We agree with the IAS Court that in Action No. 2, petitioner demonstrated incompetency by clear and convincing evidence *(see, Matter of Grinker [Rose],* 77 NY2d 703, 708), and

that the more intrusive appointment of a committee, rather than a conservator, is appropriate, in view of the clear and convincing evidence that the incompetent is substantially disabled physically, and functions at a primitive level of thought akin to that of a young child.

Summary judgment in Action No. 1 was properly granted since plaintiff cannot point to any act of defendants against her that would even arguably constitute an actionable wrong if she asserted it individually. The various instruments on which plaintiff bases her authority to act on behalf of the incompetent either were executed after incompetency was judicially declared, are so narrow in scope that they cannot, consistently with the apparent purpose and the natural meaning of the words used *(see, Intercontinental Credit Corp. v Roth,* 184 AD2d 251, 252), be construed as authorizing the actions she now purports to take, or were executed under circumstances that would "put a reasonable person on notice that something was amiss" *(Grasso v Fiumara,* 167 AD2d 510).

We have considered the plaintiff's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.