[No. 61169-6.    En Banc.    October 13, 1994.]

ELAINE J. BRYANT, *Respondent*, v. FREDERICK A. BRYANT, ET AL, *Petitioners*.

*Maltman, Reed, North, Ahrens & Malnati, P.S.,* by *Douglass A. North,* for petitioners.

*Keith A. Buchholz* and *Tracy, McDaniel & Buchholz,* for respondent.

JOHNSON, J. — This case presents the issue of whether a power of attorney authorizes gift transfers of community property. We hold a power of attorney does not permit gifts of community property unless such authority is expressly provided in the instrument.

## FACTS

Elaine and Frederick Bryant were married in 1955. The Bryants established Halo Homes, Inc., a land development

company. When Halo Homes was incorporated, 499 shares were allocated to Frederick Bryant and 1 share was allocated to Elaine. Elaine was not actively involved in the running of the company, and in May 1968, she executed a general power of attorney designating her husband as attorney in fact. The document designated Frederick as her attorney in fact for

> her use and benefit in the execution of real estate contracts, assignments of real estate contracts, vendors or vendees interests, real estate mortgages, chattel mortgages, construction contracts or other instruments or papers related to the business or community property interests of said ELAINE J. BRYANT . . ..

Clerk's Papers, at 11 (Kitsap County cause 89-2-00761-6). Frederick used the power of attorney extensively over the next 18 years. In February 1985, Frederick transferred the stock of Halo Homes to Wendy Bryant, Frederick and Elaine's daughter.

On July 10, 1985, Elaine separated from Frederick. She consulted an attorney about divorcing Frederick. The attorney advised Elaine to revoke the power of attorney, but he did not pursue the revocation and it remained in effect. Later, Elaine brought a malpractice claim against her attorney for failing to revoke the power of attorney. That claim was settled in April 1991.

Frederick created an irrevocable trust (Trust) in favor of the eight Bryant children on July 14, 1985, and appointed Wendy as trustee. Frederick then conveyed real property to the Trust, including the family home.

On July 26, 1985, Elaine filed for divorce. Frederick Bryant was restrained from transferring any of the property belonging to either him or Elaine during the pendency of the divorce proceedings. However, Frederick transferred several additional properties to Halo Homes and the Trust. The documents were executed for no consideration by Frederick individually and as attorney in fact for Elaine. Frederick and Elaine reconciled in September 1985, but separated again, this time permanently, in March 1986.

In September 1986, Elaine became aware the power of attorney had not been revoked, and Frederick had used the unrevoked power to make gifts of community property to Halo Homes, the Trust, and certain individuals. Elaine filed an action in January 1988, seeking imposition of a constructive trust and return of the properties transferred by Frederick. That action was dismissed without prejudice in May 1988, resulting in various sanction orders reviewed by this court in *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 829 P.2d 1099 (1992).

In April 1989, Elaine filed this action against Frederick Bryant, Wendy Bryant, Halo Homes, Joseph Tree, Inc., the Trust, and other entities. The complaint alleged Frederick had transferred property to the various Defendants, depriving her of her share of the community property. She requested imposition of a constructive trust and damages.

Halo Homes and the Trust sought summary judgment. They claimed: (1) the transfers were properly made under the power of attorney, (2) even if the transfers were not authorized, Elaine subsequently ratified them, and (3) the doctrine of judicial estoppel prohibited Elaine from challenging the legality of the transfers because in the malpractice action against her previous attorney, she had asserted the transfers were "legally" done. The trial court granted summary judgment in favor of Halo Homes and the Trust in May 1991.

Frederick and Wendy separately moved for summary judgment under the same theories as Halo Homes and the Trust. The trial court granted their motions on the basis of judicial estoppel.

Elaine appealed both summary judgment orders, and the appeals were consolidated. In an unpublished opinion, the Court of Appeals held: (1) the trial court erred in granting summary judgment because the elements of judicial estoppel were not satisfied, (2) the general power of attorney did not authorize Frederick to make gifts of community property, and (3) Elaine had not ratified the gifts of community property made under the power of attorney.

The Court of Appeals reversed the summary judgment orders and remanded for further proceedings. Frederick Bryant, Wendy Bryant, Halo Homes, and the Trust appeal the decision of the Court of Appeals. We accepted review on one issue only.

## ANALYSIS

Elaine contends Frederick was without authority to make gratuitous transfers of community property because the power of attorney she signed did not contain specific authorization to make gifts. The Court of Appeals agreed and therefore reversed the trial courts' summary judgment orders. We affirm.

In Washington, the general rule is that neither spouse may transfer real or personal community property by gift without the express or implied consent of the other. RCW 26.16.030(2). However, RCW 26.16.090 provides:

> A husband may make and execute a letter of attorney to the wife, or the wife may make and execute a letter of attorney to the husband authorizing the sale or other disposition of his or her community interest or estate in the community property . . ..

Thus, RCW 26.16.090 establishes the ability of the agent spouse, acting under authority of a power of attorney, to supply the requisite consent of the principal spouse in real estate transactions. However, the statute does not indicate whether express authorization for gift transfers must be contained in the power of attorney.

Wendy and Frederick argue the broad language of RCW 26.16.090, "sale or other disposition", contemplates that any disposition of real property is authorized between spouses by the giving of a general power of attorney so that specific authorization need not be contained in the instrument. Elaine contends that while the statute establishes ability to use a power of attorney in place of personal consent, the document must specifically state which kinds of transactions the principal has consented to.

Whether or not the power of attorney must contain specific authorization is answered by the general rules

governing powers of attorney. A power of attorney is a written instrument by which one person, as principal, appoints another as agent and confers on the agent authority to act in the place and stead of the principal for the purposes set forth in the instrument. *Arcweld Mfg. Co. v. Burney*, 12 Wn.2d 212, 221, 121 P.2d 350 (1942). Powers of attorney are strictly construed. *In re Estate of Springer*, 97 Wash. 546, 551, 166 P. 1134 (1917). Accordingly, the instrument will be held to grant only those powers which are specified, and the agent may neither go beyond nor deviate from the express provisions. *Thomle v. Soundview Pulp Co.*, 181 Wash. 1, 24, 42 P.2d 19 (1935).

The rule of strict construction is particularly applicable to powers of attorney relating to real property. *Estate of Springer*, 97 Wash. at 551. An attorney in fact has no power to execute any conveyance other than that which might fall within the strict definition of the terms of his or her power. *State v. Wallace*, 97 Wn.2d 846, 851, 651 P.2d 201 (1982); *Dimmick v. Sprinkel*, 59 Wash. 329, 331, 109 P. 1018 (1910).

In *Anderson v. Bigelow*, 16 Wash. 198, 47 P. 426 (1896), a wife designated her husband attorney in fact, authorized "to sell her real estate, receive payment therefor, and make conveyances thereof". *Anderson*, 16 Wash. at 199. The husband offered to dedicate the property to the City. Despite the broad discretionary authority conferred by the power of attorney, the court held the instrument did not authorize the husband to do anything but sell the land. "The general power to sell did not authorize the person acting thereunder to make a dedication for street purposes". *Anderson*, 16 Wash. at 200.

■ The rule of strict construction also flows from the fiduciary principles governing the agent spouse. The agent becomes a fiduciary upon acquiring dominion and control over the principal's property. *Moon v. Phipps*, 67 Wn.2d 948, 955, 411 P.2d 157 (1966). In handling the principal's property, the fiduciary is bound to act with the utmost good faith

and loyalty. Any use of the principal's property in a manner inconsistent with the principal's instruction is a breach of the fiduciary duty. *Nelson v. Smith*, 140 Wash. 293, 294-95, 248 P. 798 (1926).

Other jurisdictions agree gift transfers or transfers without substantial consideration inuring to the benefit of the principal violate the scope of authority conferred by a general power of attorney to sell, exchange, transfer, or convey property for the benefit of the principal. *E.g., Shields v. Shields*, 200 Cal. App. 2d 99, 19 Cal. Rptr. 129 (1962); *Aiello v. Clark*, 680 P.2d 1162 (Alaska 1984); *Fierst v. Commonwealth Land Title Ins. Co.*, 499 Pa. 68, 451 A.2d 674 (1982); *Gaughan v. Nickoloff*, 28 Misc. 2d 555, 214 N.Y.S.2d 487 (1961); *King v. Bankerd*, 303 Md. 98, 492 A.2d 608 (1985).

The power of attorney signed by Elaine authorized a variety of transactions for her use and benefit. The document authorized Frederick to lease, let, demise, bargain, sell, remise, release, convey, mortgage, and hypothecate. Nowhere did the document refer to gratuitous transfers. Under the rule of strict construction, the document did not authorize gratuitous transfers by Frederick as attorney in fact for Elaine.

We hold a power of attorney must contain specific authorization for gift transfers of community property. Elaine executed a power of attorney, which did not specifically authorize Frederick to make gifts of community property. Therefore, his transfers of community property were unauthorized. Because we reach our result by applying the general rules applicable to powers of attorney, it is unnecessary for us to address the Respondent's argument that Frederick's transfers also violated RCW 11.94.050.

The judgment of the Court of Appeals is affirmed and the case remanded for further proceedings consistent with this opinion.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and MADSEN, JJ., concur.

After modification, further reconsideration denied December 2, 1994.